IN THE SUPREME COURT OF THE STATE OF NEVADA

CANDY HAGGOOD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75601

FILED

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with use of a deadly weapon resulting in substantial bodily harm constituting domestic violence. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge. Appellant Candy Haggood raises three issues. We disagree with Haggood's contentions and affirm her judgment of conviction.

First, Haggood argues that the State did not present sufficient evidence to support her conviction. The record shows sufficient evidence supports Haggood's guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

The victim testified that he and Haggood were romantically involved. During an argument, the victim attempted to leave their shared apartment. Haggood retrieved a firearm and the couple continued to argue outside their apartment. Haggood pointed the gun at the victim and told him that he was not going anywhere. The victim turned to leave, heard a gunshot, and felt intense pain. Haggood then apologized to the victim. The jury could have reasonably inferred from the evidence presented that Haggood was guilty of battery with use of a deadly weapon resulting in substantial bodily harm constituting domestic violence. *See* NRS 200.481; NRS 200.485; NRS 33.018. "[I]t is the jury's function, not that of the

19·43996

[reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). A jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *Id.*

Next, Haggood contends the district court erred by admitting hearsay statements in violation of her Confrontation Clause rights. This court reviews alleged violations of the Confrontation Clause de novo. *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009). The Confrontation Clause of the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. As such testimonial hearsay is inadmissible unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 59 (2004).

Here, the district court admitted the hearsay statement of Haggood's neighbor through Officer Josh Headley. Officer Headley testified that at the scene of the shooting, the neighbor waved him into his apartment and spontaneously stated that he heard the victim and Haggood arguing, then witnessed the victim and Haggood exit their apartment. The neighbor heard a gunshot and saw Haggood running back into the apartment. Upon learning that the neighbor would not be testifying, Haggood moved for a mistrial on Confrontation Clause grounds. The district court concluded that the hearsay statement was not testimonial and denied the motion for a mistrial.

For a statement to be testimonial, the totality of the circumstances must "lead an *objective witness* reasonably to believe that the statement would be available for use at a later trial." *Harkins v. State*, 122 Nev. 974, 987, 143 P.3d 706, 714 (2006) (internal quotation marks omitted).

*Harkins* sets forth four factors to consider in determining whether a hearsay statement is testimonial:

> (1) to whom the statement was made, a government agent or an acquaintance; (2) whether the statement was spontaneous, or made in response to a question (*e.g.*, whether the statement was the product of a police interrogation); (3) whether the inquiry eliciting the statement was for the purpose of gathering evidence for possible use at a later trial, or whether it was to provide assistance in an emergency; and (4) whether the statement was made while an emergency was ongoing, or whether it was a recount of past events made in a more formal setting sometime after the exigency had ended.

*Id.*

Applying these factors, we conclude the neighbor's statement was not testimonial. Although the statement was made to a law enforcement officer, the neighbor made the statement spontaneously, before Officer Headley asked any questions. Officer Headley only began asking questions to clarify the statement and did not initiate the conversation. Moreover, the neighbor's statement assisted law enforcement with identifying a suspect during an ongoing emergency. Officer Headley responded to the scene of a shooting, and was attempting to identify and locate an unknown potentially armed suspect. These facts indicate the primary purpose of the statement was to alert law enforcement to an individual who had just shot someone. Because we conclude the statement was not testimonial, the admission did not violate Haggood's Confrontation Clause rights. Additionally, even assuming error, we conclude the error was harmless. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008) (an error is harmless if it is clear "beyond a reasonable doubt, that

the error did not contribute to the verdict"). The record shows that a rational jury would have found Haggood guilty absent the error.

Finally, Haggood argues the district court abused its discretion by excluding evidence of the victim's gang affiliation and pandering. "[A] district court's decision to admit or exclude evidence [is reviewed] for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Haggood sought to introduce evidence that the victim was allegedly a gang member and pimp to prove "someone else" had motive to shoot the victim. The district court concluded that the danger of confusing the issues and misleading the jury outweighed any probative value. *See* NRS 48.035(1). After a review of the evidence that Haggood sought to admit, we conclude the district court properly excluded it. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____ C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:    Hon. Carolyn Ellsworth, District Judge
Sandra L. Stewart
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A